**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,        :

                                    :

v.                                  :        CASE NO.: 7:26-CR-13 (LAG)

                                    :

NATHEN DANIEL LIST,        :

                                    :

        Defendant.             :

                                    :

## <u>ORDER</u>

Before the Court is Defendant Nathen List's Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 51). Therein, Defendant List, unopposed by the Government, moves to continue the pretrial conference and trial in this matter, currently set for June 18, 2026, and July 6, 2026, respectively. (*Id.*; Doc. 14).

On May 13, 2026, the grand jury charged Defendant in an Indictment with two counts of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e), travel to engage in illicit sex with a minor in violation of 18 U.S.C. § 2423(b) and (g), coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), with a forfeiture notice. (Doc. 36). On May 7, 2026, counsel for Defendant filed his notice of appearance and request for discovery. (Docs. 33, 34). Defendant was arraigned on the Indictment on June 10, 2026, entered a not guilty plea, and was ordered detained pending trial. (Docs. 44, 48, 43). On June 16, 2026, Defendant filed the instant Motion, requesting a continuance of his trial. (Doc. 51). Counsel for Defendant represents that he received discovery on June 9 but is working with the Government to access some of the documents "locked and inaccessible to the defense." (*Id*. at 2). Thus, "[o]nce the defense is able to access all discovery produced by the Government, . . . counsel will require time to review the plea agreement and explain its terms and potential implications to Mr. List." (*Id*. at 2).

Upon due consideration, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant List's Motion (Doc. 51) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined.[1] The deadlines in the Court's June 11, 2026 Scheduling Order (Doc. 50) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 17th day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendant requested that the trial be moved to the Court's October trial calendar. Because, however, the Court specially sets trials, the trial will be set for a date to be determined.

2